OPINION OF THE COURT
David S. Nelson, J.
This matter comes before the court upon a petition for support brought by the Commissioner of Social Services of St. Lawrence County (hereinafter referred to as DSS) on behalf of Bryan S. against Richard and Carol S. The petition was filed on January 9, 1986, and seeks support commensurate with the respondent’s ability to pay. The respondents are the parents of the said Bryan S., who was born January 23, 1969. Respondents have another child, approximately 12 years old, living with them.
The evidence in this case consisted of testimony from Bruce *99 Kent, an employee of the Support Collection Unit, and from Richard S. Documentary evidence was received as follows:
Petitioner’s exhibit No. 1 — 1985 individual income tax return of Richard and Carol S.;
Petitioner’s exhibit No. 2 — 1985 income tax return for an S corporation for S __, Inc.;
Petitioner’s exhibit No. 3 — financial statement for S -, Inc. for 1985;
Petitioner’s exhibit No. 4 — answers to interrogatories made by the respondents and sworn to May 15, 1986 by the respondents;
Petitioner’s exhibit No. 5 — the financial statement of income, expenses, assets and liabilities of the respondents;
Respondent’s exhibit No. 1 — letter dated April 23, 1986, from attorney Jerry Leek, on behalf of DSS and addressed to the respondents.
Pursuant to a stipulation at the end the trial, this court has received and marked as petitioner’s exhibit No. 6 a letter of DSS dated August 14, 1986, with certified attachments from the Division for Youth regarding the billing for Bryan for the period January 2, 1986 to March 31, 1986. The respondents were granted 14 days to submit a letter of objections to said exhibit and since no objection was received, said exhibit will be received into evidence. In addition, the court will take judicial notice of the prior orders of this court in a related matter whereby the said Bryan S. was placed with the Division for Youth following fact-finding and dispositional hearings in a juvenile delinquency proceeding.
The court finds that the said respondents are responsible for the support of their child, Bryan S. The court further finds that the said Bryan S. was in the custody of the Division for Youth from the date of the filing of this petition on January 9, 1986, until his release from their custody on May 20, 1986, a period of 131 days. The court further finds that the total claim of the petitioner is $12,761, or $97 per day.
It appears that the respondents reside in the City of Ogdensburg, and own S_, Inc., with Richard S. owning 90% of the stock and Carol S. owning 10% of the stock. It also appears that Mrs. S. is employed by the Ogdensburg Central School District, and in 1985 had a gross salary of $13,264 from that employment. On the respondents’ 1985 income tax return they reported on line 23 (statement of total income) a loss of $43,451. This loss resulted from a substantial depreciation *100 deduction on respondents’ rental property together with a loss of $26,319 carried through from S_, Inc. The respondents paid no income tax in 1985.
The financial statement of the respondents shows assets of $422,372 and liabilities of $251,331. Based on the testimony of Richard S., the financial statement should be modified to reflect the sale of common stock valued at $4,107. The proceeds of this sale were paid on a loan though it was not clear whether or not said loan was any part of the $251,331 figure shown on said financial statement. In any event, after the sale of said assets, the respondents’ net assets would amount to approximately $418,265, or a net equity of $166,934. There should be added to this figure the respondents’ individual retirement accounts amounting to $5,970, thereby bringing their net worth to $172,904. In addition, the respondents’ subchapter S corporation owns a 1984 Volvo, which is used for personal purposes by the respondents.
In Family Court support proceedings, support can only be awarded on or after the date of the filing of the petition. Thus, this court does not address the common-law obligation of the respondents to support their son, Bryan. Section 413 of the Family Court Act, entitled "Parents’ duty to support child”, sets relevant factors to be considered by the court in making an award of child support.
This court finds that the respondents have sufficient financial resources to pay support for their son, Bryan, and further that Bryan has no resources to support himself. It would appear from the financial statement of the respondents that their monthly expenditures total $5,662, while their monthly income is $4,839. This court will ignore the effect that tax accounting has on the respondents’ taxable income and find that their true income is reflected by the $5,662 they spend each month. The court finds that the annual income of the respondents is $67,944 ($5,662 X 12).
The evidence before this court is unusual in the sense that on the one hand the respondents have a net worth of approximately $173,000 but pay no income tax. A further incongruity exists in the respondents’ report that they spend $5,662 each month as living expenses. DSS is asking for reimbursement of child support expenses at the rate of $97 per day. For analytical and comparison purposes reference will be made to "child support formulas” that this court’s research has found in State Department of Social Services regulations, proposed *101 legislation, and the laws of other States. The use of such formulas has been advocated to avoid arbitrariness in the establishment of child support and also to provide uniformity and predictability.
New York State has a child support formula which is found in Regulations of the State Department of Social Services (see, 18 NYCRR 347.10). These regulations do not have the weight of law and are not binding on this court. However, that formula may be helpful in determining the appropriate level of support. The computation for two children under that regulation is as follows:
[[Image here]]
The foregoing computation when translated to a per diem rate results in a low range of $95 per day ($34,856 -f- 365) to a high range of $109 per day ($39,835 -v- 365). For the one child that is the subject of this proceeding the range would be from $48 to $54 per day.
In the area of proposed legislation, a child support formula is contained in Senate Bill No. 3733-A sponsored by Senator Smith and considered during the 1985-1986 session of the New York State Legislature. Applying the provisions of that legislation to this case and assuming a family with an annual gross income of $67,944 and two children, the support obligation would be 18% of the gross income or $12,230. For one child the annual support obligation would be $6,115. When that figure is divided by 365, we arrive at a support obligation of $17 per day.
Another legislative proposal before the New York State Legislature in 1986 was "Governor’s Program Bill No. 208” which contained a much more complicated method of computing child support using support obligation tables derived from *102 the work of Thomas Espenshade (Investing in Children: New Estimates of Parental Expenditures [Urban Institutes 1984]). Applying the formula contained in this bill would have required the calling of a certified public accountant to explain the accounting methods used by the respondents. It further would have required computing straightline depreciation on the rental properties owned by the respondents as well as computing income from personal expenses paid for them by their subchapter S corporation and from other property owned by them which was not producing income. The court in this case will find that respondent’s annual income equals $67,944. Subsection "(C)” of sections 2, 3 and 4 in said bill contains the child support formula and involves 10 steps as follows:
[[Image here]]
Therefore the support obligation would have been $15,157 for two children, $7,578 for one child, or $21 per day for one child.
Other States have adopted varying formula methods for determining a parent’s child support obligation. The State of Illinois has adopted a percentage of net income method with net income being determined by subtracting from total gross income the following items: Federal income tax, State income tax, Social Security deductions, mandatory pension deductions, union dues, dependent health/hospitalization insurance coverage, individual health/hospitalization coverage or medical expenses deductions not to exceed $25 a month. In the instant case net income would be computed as follows:
*103 [[Image here]]
For two children the percentage of support is 25% or $16,412 divided by 2, leaves a figure of $8,206 for one child or per diem child support costs of $22 per day (see, Ill Pub Act 83-1404, Regular Session). A similar type formula method is used in the State of Wisconsin (see, Wis L 1983, ch 27, §§ 1772, 1773m, amending Wis Stat Annot § 767.395).
Some States such as Oregon and Pennsylvania use a form of cost sharing formula (see, Ore Rev Stat § 107.105 [1] [c]; Melzer v Witsberger, 505 Pa 462, 480 A2d 991 [1984]). In this case the cost of support has been determined to be $97 per day.
In arriving at a decision this court has considered the substantial assets owned by the respondents, their annual monthly expenditures, and their testimony that business in 1986 is not as good as it was in 1985. Based upon all of these factors and all of the evidence in this case this court finds that the respondents’ obligation for support is equivalent to $20 per day. This figure is arrived at by taking an average of those daily rates that fall within the same range (i.e., $22/day, $21/day and $17/day). The court finds for the 131 days that the child was in the custody of the Division for Youth that the total obligation of the respondents equals $2,620. This obligation is hereby established and is payable at the rate of $50 per week beginning seven. days after filing of an order in this proceeding.
Order in accordance with this decision is to be submitted by the attorney for the petitioner.